OJS 44  (Rev. 11/04 - WDMI Rev. 12/07)

# CIVIL COVER SHEET  ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

Karla A. Fix, Peter Christopher Kirsch

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **California**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

U.S. Attorney's Office, Civil Division, Phone: 415-436-6909
450 Golden Gate Avenue, 9th Flr, San Francisco, CA

Attorneys (If Known)

08 3674 TEH

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- [x] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [x] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS–Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN  (Place an "X" in One Box Only)

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
CA Health & Safety Code §§ 13007-13009.1, CA Civil Code § 1714(a), CA Public Resources Code §§

Brief description of cause:
Recovery for payment of fire suppression costs and resource damages arising from Boardman Fire.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
July 31, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1  JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 135879)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney

ORIGINAL

4
5      450 Golden Gate Avenue, 9th Floor
       San Francisco, California 94102
       Telephone: 415-436-6909
6      Facsimile: 415-436-6748

7  ATTORNEYS FOR UNITED STATES OF AMERICA

8                IN THE UNITED STATES DISTRICT COURT            TEH
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                   SAN FRANCISCO DIVISION

11 UNITED STATES OF AMERICA,        )  No.
12                                  )
                    Plaintiff,      )
13                                  )  COMPLAINT OF THE UNITED
              v.                    )  STATES
14                                  )
   KARLA A. FIX, PETER CHRISTOPHER  )
15 KIRSCH,                          )  DEMAND FOR JURY TRIAL
                                    )
16                  Defendants.     )
                                    )
17 _____ )

18      Plaintiff United States of America, by and through its undersigned counsel, complains of

19 defendant and alleges as follows:

20                            Jurisdiction and Venue

21      1.      This is a civil action under federal and California law, including federal and California

22 common law, California Health and Safety Code §§ 13007-13009.1, California Civil Code § 1714(a),

23 California Public Resources Code §§ 4421, 4427, and 4435, California Vehicle Code § 17150, Title

24 36, Code of Federal Regulations, § 261.5, 31 U.S.C. §§ 3711 and 3717, and Title 14, California Code

25 of Regulations, § 1293, for monetary damages incurred by the United States in connection with the

26 "Boardman Fire," which ignited on or about August 12, 2002, in or about National Forest System

27 lands in Lake County, California.

28      2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

                                          1

1    3.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b).

2    4.    Intra-district Assignment:  The events giving rise to the United States' claims occurred

3    in substantial part in Lake County.

4                                              The Parties

5    5.    Plaintiff United States of America, as sovereign, owns National Forest System lands

6    including the Mendocino National Forest area known as the Boardman Ridge near Soda Creek Fire

7    Station, in Lake County, California, which are under the supervision, control, administration, and

8    protection of the United States Department of Agriculture, Forest Service ("Forest Service").

9    6.    Defendant Karla A. Fix was the owner of a 1999 Dodge Pickup truck with California

10   license plate 5Y32499 at all times relevant to this complaint.

11   7.    Defendant Peter Christopher Kirsch was the operator of defendant Fix's 1999 Dodge

12   Pickup truck at all times relevant to this complaint.  At all times relevant, defendant Kirsch used

13   and/or operated the 1999 Dodge Pickup truck owned by defendant Fix with the permission, express or

14   implied, of the owner.

15   8.    At all times herein mentioned, each defendant was an agent of each remaining

16   defendant, and acted within the scope of said agency when committing the acts and omissions

17   described in this complaint.

18                                          General Allegations

19   9.    On August 11, 2002, at approximately 0330 hours, defendant Kirsch reported a

20   wildland fire occuring on the Upper Lake Ranger District of the Mendocino National Forest, near the

21   Soda Creek Fire Station, on the Boardman Ridge, which fire became known as the Boardman Fire.

22   The Boardman Fire burned approximately 20 acres of National Forest System lands in the Mendocino

23   National Forest.

24   10.   At approximately 2245 hours on August 10, 2002, defendant Kirsch was operating the

25   1999 Dodge Pickup on the Boardman Ridge's four wheel drive roads and trails.  Defendant Kirsch

26   noted first smoke and then flames emanating from the 1999 Dodge Pickup.  After his attempts to put

27   the flames out failed, defendant Kirsch hiked back to his camp and then reported the Boardman Fire.

28   National Forest Service personnel responded to the scene to suppress the Boardman Fire and

2

1    investigate its origin, in the early morning hours of August 11, 2002.

2        11.    The Boardman Fire was the result of a fire that originated in the 1999 Dodge Pickup.

3        12.    The Forest Service suppressed the Boardman Fire at a great cost to Plaintiff. The

4    damages to the United States include, but are not limited to, the costs of fire suppression, the costs of

5    rehabilitation and reforestation of the burned areas, future costs of rehabilitation and reforestation of

6    the burned areas, loss of timber, loss of existing plantations, loss of wildlife, loss of archaeological

7    resources, loss of habitat for endangered and other species, and loss of scenic and environmental

8    value. The amount of these damages are to be proved at the time of trial.

9                            First Cause of Action

10                        (Negligence against Defendant Kirsch)

11       13.    Plaintiff re-alleges paragraphs 1 through 12, inclusive, as though fully and completely

12   set forth here.

13       14.    Defendant Kirsch had a duty of ordinary care to not start a fire in the plaintiff's forest

14   lands on August 10-11, 2002.

15       15.    Defendant Kirsch breached this duty and was therefore negligent in causing the

16   Boardman Fire.

17       16.    Defendant Kirsch's negligence was the proximate cause of the damages sustained by

18   the United States from the Boardman Fire, in an amount to be proven at trial.

19                          Second Cause of Action

20                        (Negligence Against Defendant Fix)

21       17.    Plaintiff re-alleges paragraphs 1 through 16, inclusive, as though fully and completely

22   set forth here.

23       18.    Defendant Fix was the owner of the motor vehicle operated by defendant Kirsch on

24   August 10-11, 2002 in the Mendocino National Forest.

25       19.    Defendant Fix was responsible, under California Civil Code § 1714, for an injury

26   occasioned to another by her want of ordinary care or skill in the management of her property.

27       20.    Defendant Fix was negligent in the management of her property, through defendant

28   Kirsch's acts, errors or omissions, under California Civil Code § 1714.

3

1    21.    Defendant Fix's negligence was the proximate cause of the damages sustained by the
2    United States from the Boardman Fire.

3                                        Third Cause of Action

4    (Negligence and Negligence Per Se Against All Defendants Under Title 36, Code of Federal
     Regulations, § 261.5; California Health and Safety Code §§ 13007-13009.1; California Public
5         Resources Code §§ 4421, 4427, and 4435; and California Vehicle Code § 17150)

6    22.    Plaintiff re-alleges paragraphs 1 through 21, inclusive, as though fully and completely set
7    forth here.

8    23.    Defendants' negligent acts, errors and omissions described herein were also in violation
9    of law, specifically violation of Title 36, Code of Federal Regulations, § 261.5; California Health and
10   Safety Code §§ 13007-13009.1; California Public Resources Code §§ 4421, 4427, and 4435; and
11   California Vehicle Code § 17150 because while operating a motor vehicle he caused a fire to start, he
12   allowed the fire to escape and spread, and through these acts, errors and omissions he allowed the fire
13   to destroy public forest lands.

14   24.    Through negligent acts and omissions, and violations of law, Defendant caused the
15   Boardman Fire to ignite and proximately caused the damages sustained by the United States.

16                                        Fourth Cause of Action

17   (Liability under Cal. Health & Safety Code §§ 13007, et seq. Against Defendant Kirsch)

18   25.    Plaintiff re-alleges paragraphs 1 through 24, inclusive, as though fully and completely
19   set forth here.

20   26.    On or about August 10-11, 2002, Defendant Kirsch negligently and/or in violation of the
21   law allowed a fire to escape to the surrounding National Forest System lands within the Mendocino
22   National Forest.

23   27.    The fire destroyed the United States' property, causing damages as specified herein and as
24   will be proved at trial.

25   28.    Defendant is liable for all such damages to the United States pursuant to the law
26   including, but not limited to, California Health & Safety Code §§ 13007, et seq.

27                                        Fifth Cause of Action

28                               (Trespass by Fire Against Defendant Kirsch)

                                                     4

1      29.    Plaintiff re-alleges paragraphs 1 through 28, inclusive, as though fully and completely
2 set forth here.

3      30. On or about August 10, 2002, Defendant Kirsch negligently and/or in violation of the law
4 allowed a fire to burn National Forest System lands within the Mendocino National Forest.

5      31. The fire destroyed the United States' property, including severe damage to over 20 acres
6 of forest land.

7      32. As a result of Defendant's trespass by fire upon the surrounding National Forest System
8 lands within the Mendocino National Forest, the United States has incurred damages as specified
9 herein and as will be proved at trial.

10 Sixth Cause of Action

11 (Claim for Interest, Penalties, Investigative, Administrative, and Collection Costs Against All
12 Defendants)

13      33. Plaintiff re-alleges paragraphs 1 through 32, inclusive, as though fully and completely set
14 forth here.

15      34. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and Title 31, United
16 States Code, § 3717, Plaintiff is entitled to recover its administrative, investigative, accounting and
17 collection costs, as well as interest and late payment charges, in addition to its resource damages and
18 fire suppression costs arising from the Boardman Fire.

19      35. Plaintiff has made repeated demands upon Defendants for payment of costs and damages
20 incurred by the United States due to the Boardman Fire. No part of the sum demanded by Plaintiff
21 has been paid by Defendants.

22      WHEREFORE, Plaintiff prays for judgment against Defendants Kirsch and Fix as follows:

23      1.     For payment of fire suppression costs and resource damages arising from the
24 Boardman Fire (including, but not limited to, the costs of fire suppression, the costs of rehabilitation
25 and reforestation of the burned areas, future costs of rehabilitation and reforestation of the burned
26 areas, loss of timber, loss of existing plantations, loss of wildlife, loss of habitat for endangered and
27 other species, loss of archaeological resources, and loss of scenic and environmental value), plus
28 interest and penalties in an amount to be determined at trial;

5

1    2.    For recovery of Plaintiff's investigative, accounting, collection and administrative

2   costs arising from the fire;

3    3.   For other costs and fees; and

4    4.   For such other and further relief as the Court deems just and proper.

5              DEMAND FOR JURY TRIAL

6   Plaintiff hereby demands that this matter be tried before a jury.

8  Dated: July 31, 2008         JOSEPH P. RUSSONIELLO
United States Attorney

By: JONATHAN U. LEE
Assistant U.S. Attorney

6