1  JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 135879)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, 9th Floor
5      San Francisco, California 94102
       Telephone: 415-436-6909
6      Facsimile: 415-436-6748
7  ATTORNEYS FOR UNITED STATES OF AMERICA
8
               IN THE UNITED STATES DISTRICT COURT
9
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                   SAN FRANCISCO DIVISION
11

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | ) No. 08-3674 TEH |
| | ) |
|         Plaintiff, | ) |
| 13 | ) |
| | ) **STIPULATION AND ~~PROPOSED~~** |
|         v. | ) **ORDER REGARDING SETTLEMENT** |
| 14 | ) |
| KARLA A. FIX, PETER CHRISTOPHER | ) |
| 15  KIRSCH, | ) |
| | ) |
| 16        Defendants. | ) |
| | ) |
| 17  _____ | ) |

18        This Stipulation and Proposed Order Regarding Settlement (hereinafter, "Stipulation") is

19  entered into by the United States of America, acting through the United States Attorney's Office for

20  the Northern District of California and on behalf of the United States Department of Agriculture,

21  Forest Service (collectively, "the United States"), on the one hand, and defendants Karla A. Fix and

22  Peter Christopher Kirsch, on the other hand, through their authorized representative(s).  Ms. Fix and

23  Mr. Kirsch are hereinafter referred to collectively as "the Defendants."  The United States, Karla Fix

24  and Peter Kirsch are hereinafter collectively referred to as "the Parties."

25                              **RECITALS**

26        WHEREAS, on August 10-11, 2002, a fire known as the "Boardman Fire" began in the

27  vicinity of the Boardman Ridge, near the Soda Creek Fire Station of the Mendocino National Forest,

28  located in Lake County, California;

WHEREAS, the United States contends that the Boardman Fire ignited as a result of a fire emanating from a 1999 Dodge Pickup, owned by Ms. Fix and operated by Mr. Kirsch.  The United States further contends that the tortious acts and/or omissions of Ms. Fix and Mr. Kirsch caused the Boardman Fire, and that they are jointly and severally responsible for all damages incurred by the United States due to the Boardman Fire, including claims for fire suppression costs, resource damages, and other costs and expenses arising out of the Boardman Fire;

WHEREAS, Ms. Fix and Mr. Kirsch dispute the United States' claims;

WHEREAS, in order to avoid the delay, uncertainty, inconvenience and expense of further litigation, the Parties mutually desire to reach a full and final settlement of the dispute in United States v. Karla Fix and Christopher Peter Kirsch, Case No. 08-3674 TEH, pursuant to the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual conditions, terms, and obligations set forth below, the Parties agree to settle this matter as follows:

1.     In consideration of the obligations of the United States and the Defendants set forth in this Stipulation, Defendants Fix and Kirsch jointly and severally agree to pay Fifty Thousand Dollars ($50,000) to the United States (the "Settlement Amount").  The Defendants shall pay the full Settlement Amount to the United States by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Northern District of California.  The Defendants agree to make this electronic funds transfer no later than fourteen (14) days after the Effective Date of this Stipulation, as defined in paragraph 22 below.

2.     Subject to the exceptions in Paragraph 3 below, in consideration of the obligations of the Defendants in this Stipulation, and conditioned upon the full payment by the Defendants of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies, and departments) agrees to release the Defendants, each of them, and each of their heirs, executors, administrators, or assigns from all liability for any civil claims, demands, obligations, actions, causes of action, damages, costs, losses, attorney's fees, and expenses, including any claims for compensatory or

punitive damages, which the United States has or may have relating to the subject matter described in the United States' Complaint, filed in <u>United States v. Karla Fix and Christopher Peter Kirsch</u>, Case No. 08-3674 TEH.

3. Notwithstanding any term of this Stipulation, specifically reserved and excluded from the scope and terms of this Stipulation as to any entity or person (including Ms. Fix and Mr. Kirsch) are the following claims or potential claims of the United States:

    A. Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    B. Any criminal liability;

    C. Any liability to the United States (or its agencies) for any conduct other than the acts, errors, or omissions described in the United States' Complaint, filed in <u>United States v. Karla Fix and Christopher Peter Kirsch</u>, Case No. 08-3674 TEH;

    D. Any liability based upon such obligations as are created by this Agreement.

4. In consideration of the obligations of the United States set forth in this Stipulation, Defendant Fix and Defendant Kirsch hereby release the United States and its employees, agents, agencies, and departments from all liability for any civil claims, demands, obligations, actions, causes of action, damages, costs, losses, attorney's fees, and expenses, including any claims for compensatory or punitive damages, which Defendant Fix and/or Defendant Kirsch have or may have with respect to the Boardman Fire, including without limitation concerning the United States' investigation and litigation of the United States' claims in <u>United States v. Karla Fix and Christopher Peter Kirsch</u>, Case No. 08-3674 TEH.

5. Upon receipt by the United States of the Settlement Amount described in paragraph 1 above, the United States and the Defendants shall file a joint stipulation of dismissal with prejudice in <u>United States v. Karla Fix and Christopher Peter Kirsch</u>, Case No. 08-3674 TEH, pursuant to Federal Rule of Civil Procedure 41(a)(1).

3

6.      The Parties to this Stipulation shall bear their own costs, attorney's fees, and expenses incurred in any manner in connection with the investigation, litigation, and resolution of this matter, including all such costs, attorney's fees, and expenses in <u>United States v. Karla Fix and Christopher Peter Kirsch</u>, Case No. 08-3674 TEH.

7.      This Stipulation is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity not expressly released by this Stipulation.

8.      Each individual signing this Stipulation on behalf of the Defendants warrants and represents that he or she has the power, consent, and authorization to execute this Stipulation.

9.      The individual(s) signing on behalf of the United States represent(s) that they are signing this Stipulation in their official capacities and that they are authorized to execute this Stipulation.

10.     Each Party represents and warrants that it has not transferred anything being released under this Stipulation, and is not aware of any such transfer, and that the Party is not aware of any prohibition of any type that prevents the Party from performing the terms of this Stipulation.

11.     The Parties warrant that, in evaluating whether to execute this Stipulation, they (i) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to the Defendants, within the meaning of 11 U.S.C. 547(c)(1), and (ii) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which the Defendants were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. 548(a)(1).

12.     Nothing in this Stipulation constitutes an agreement by the United States concerning

the characterization of the Settlement Amount for purposes of Title 26, United States Code (Internal Revenue Code).

13. Each of the Parties warrants that it has been represented by, and has sought and obtained the advice of, independent counsel with regard to the nature, purpose and effect of this Stipulation.  The Parties hereby declare that the terms of this Stipulation have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice.

14. The Defendants warrant and represent that each of them is freely and voluntarily entering into this Stipulation without any degree of duress or compulsion whatsoever, after having been apprised of all relevant information by their legal counsel. The Defendants further warrant and represent that no other party or its representative has made any promise, representation, or warranty, express or implied, except as expressly set forth in this Stipulation, and that the Defendants have not relied on any inducements, promises, or representations made by any Party to this Stipulation, or their representatives, or any other person, except as expressly set forth herein.

15. This Stipulation was negotiated by the Parties and their respective counsel, each of whom had the opportunity to participate in the drafting thereof.  It is therefore the intent of the Parties that the words of this Stipulation shall be construed as a whole so as to effect their fair meaning and not for or against any party, the Parties having waived the benefit of California Civil Code 1654 and similar laws.

16. The Parties understand and acknowledge that if the facts with the respect to liability and/or damages with respect to the Boardman Fire are found hereafter to be different from facts now believed by any Party described herein to be true, each Party expressly accepts and assumes the risks of such possible difference in facts and agrees that this Stipulation shall remain effective, notwithstanding any such differences.

17. This Stipulation constitutes the complete agreement between the Parties, and supercedes and replaces all prior negotiations and agreements, whether written or oral, regarding the resolution of the Parties' claims against each other Party with respect to

5

the Boardman Fire, including without limitation the resolution of the claims in <u>United States v. Karla Fix and Christopher Peter Kirsch</u>, Case No. 08-3674 TEH.

18.	This Stipulation may be executed in counterparts, and each of the counterparts taken together shall constitute one valid and binding agreement among the Parties.

19.	This Stipulation may not be altered, amended, or modified, except by a writing duly executed by the authorized representatives of both Parties.

20.	This Stipulation is governed by the laws of the United States.  The Parties agree that, should any judicial action be required to enforce or interpret this Stipulation, or to resolve any dispute hereunder, the exclusive jurisdiction and venue for such action shall be in the United States District Court for the Northern District of California.

21.	This Stipulation is binding upon the Parties and each of their heirs, successors, assigns, and agents.

22.	This Stipulation is effective, final and binding as of the date of signature of the last signatory to the Stipulation ("Effective Date").  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

**<u>FOR THE UNITED STATES OF AMERICA</u>**

Dated: January 26, 2009			JOSEPH P. RUSSONIELLO
						United States Attorney


						By:	/s/
						JONATHAN U. LEE
						Assistant U.S. Attorney

///
///
///
///
///

6

**FOR KARLA A. FIX**

Dated: January 16, 2009                        /s/
                                                            KARLA A. FIX

APPROVED AS TO FORM AND CONTENT:

Dated: January 26, 2009              TREMBATH, DEICHLER & HERMANSON, LLP


                                                            /s/
                                                            Robin Y. Trembath, Esq.
                                                            Attorneys for Karla A. Fix


**FOR PETER CHRISTOPHER KIRSCH**

Dated: January 15, 2009                        /s/
                                                            PETER CHRISTOPHER KIRSCH

APPROVED AS TO FORM AND CONTENT:

Dated: January 21, 2009              TREMBATH, DEICHLER & HERMANSON, LLP


                                                            /s/
                                                            Robin Y. Trembath, Esq.
                                                            Attorneys for Peter Christopher Kirsch


**(PROPOSED) ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED:


Date:   January 27, 2009

                                        HONORABLE THELTON E. HENDERSON
                                        United States District Judge

                                        Judge Thelton E. Henderson

7